MICHAEL W. COTTER
United States Attorney

DAVID SULLIVAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, D.C. 20044
Phones:   (202) 514-0516
Fax:      (202) 514-8742
Email:    David.Sullivan2@usdoj.gov
ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

DEC 0 1 2015

Clerk, U.S. District Court
District Of Montana
Billings

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br><br>TOBY MCADAM,<br>  d/b/a RISINGSUN HERBAL<br>    HEALTH CORP.,<br>  d/b/a RISINGSUN HEALTH,<br>  d/b/a RISINGSUN<br>    NUTRITIONAL CORP.,<br>  d/b/a RISINGSUN<br>    MINISTRIES,<br>  d/b/a NUTRITIONAL<br>    SUPPLEMENTS, INC.,<br>  d/b/a MCADAM HEALTH<br>    ENTERPRISES CORP.<br>    Defendant. | CR No. 15-118-BLG-SPW<br><br>**PLEA AGREEMENT** |
|---|---|

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by David Sullivan, Trial Attorney in the United States Department of Justice, Consumer Protection Branch, and the defendant, Toby McAdam, and his attorney, Brian Fay, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Department of Justice, Consumer Protection Branch, as well as the United States Attorney's Office for the District of Montana, and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to Count 1 of the Information, which charges the crime of Criminal Contempt of Court in violation of 18 U.S.C. § 401(3). This offense carries a maximum punishment of six months imprisonment, a $5,000 fine, and a $10 special assessment. The Court may order restitution.

The defendant understands that the Court may order restitution to the victims of the crimes charged in the Information, 18 U.S.C. § 3663. The defendant agrees to pay the $80,000 in liquidated damages and $4,936.48 as ordered by the Court on December 4, 2013, in docket entry 49 of civil case number CV-10-128-BLG-SEH.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss Counts 2 – 8 of the Information.



Page 2

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Federal Rule of Criminal Procedure 11(c)(1)(A). The defendant acknowledges that the agreement will be fulfilled provided the United States moves to dismiss, and the Court agrees to dismiss, Count 2 - 8 of the Information. The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea.

4. **Admission of Guilt:** The defendant will plead guilty because he is in fact guilty of the charge contained in Count 1 of the Information. In pleading guilty, the defendant acknowledges that:

(a) There were clear and definite orders of the court, to wit the November 5, 2010 Consent Decree and the December 4, 2013 Order of civil contempt;

(b) The defendant knew of the orders; and

(c) The defendant willfully disobeyed the orders.

5. **Waiver of Rights by Plea:**

(a) The United States has a right to use against the defendant, in a prosecution for perjury or false statement, any statement he gives under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) As this offense is charged as a "petty offense," the defendant has the right only to a bench trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) At a trial held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) At a trial held by the judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(g) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(h) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle him to reversal of the conviction.

(i) The defendant has a right to have the District Court conduct the change of plea hearing required by Rule 11 of the Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the United States Magistrate Judge, if necessary.

The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a), unless he is found to have obstructed justice prior to sentencing, pursuant to U.S.S.G. §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to U.S.S.G. §3E1.1(b), if appropriate under the United States Sentencing Guidelines. The United States and

the defendant agree and recommend to the Court that the defendant should receive a term of incarceration of four months. The defendant understands that the Court is not bound by this recommendation.

**7.** **Sentencing Guidelines:** Although advisory, the parties agree that the United States Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.** **Appeal Waiver:** The defendant understands that the law gives him a right to appeal and collaterally attack his sentence. Based on the concessions made by the United States in this case, the defendant knowingly waives any right to appeal his sentence and any right he may have to bring any other post-conviction attack on his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his sentence. The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue or maintain such an action alleging that he received ineffective assistance of counsel.

**9.** **Voluntary Plea:** The defendant and his attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**10.     Stipulation as to Disposition:** The United States and the defendant stipulate and agree that a sentence of four months incarceration is an appropriate resolution of this case. By this stipulation, the defendant agrees not to ask for a sentence of less than four months, and the government agrees not to request a sentence of more than four months.

**11.     Detention/Release After Plea:** Based on the charge pending, the parties agree that the defendant will be determined to be a Zone A offender (0-6 months). The law does not recommend or mandate detention upon conviction. The United States agrees to withhold any objection to the defendant's continued release after plea, pending sentencing, on the same conditions that governed his pre-plea release. 18 U.S.C. § 3143(a)(1).

**12.     Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the United States Department of Justice, Consumer Protection Branch and United States Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**13.     Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing

in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_____
DAVID SULLIVAN
Trial Attorney
United States Department of Justice
Consumer Protection Branch
Date: 12/1/15

_____
TOBY MCADAM
Defendant
Date: 11/21/15

_____
BRIAN FAY
Defense Counsel
Date: 11/21/15